UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STATE OF LOUISIANA

| | |
|---|---|
| **AMERICAN TRANSPORTATION GROUP INSURANCE RISK RETENTION GROUP,** * <br> **Plaintiff** * <br> * | **CIVIL ACTION NO.: 3:25-CV-952** |
| **VERSUS** * <br> * | **JUDGE** |
| **ALEXIS GROUP LOGISTICS CO., DONELL TUNIORS, KLEINPETER FARMS DAIRY, LLC, AND ZURICH AMERICAN INSURANCE COMPANY** * <br> **Defendants** * | **MAGISTRATE JUDGE** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes American Transportation Group Insurance Risk Retention Group, Inc., and respectfully submits this Complaint for Declaratory Relief, and respectfully shows:

1.

American Transportation Group Insurance Risk Retention Group, Inc. ("ATG") is, and at all times relevant to this action was, a foreign risk retention group incorporated in the State of North Carolina with its principal place of business in North Carolina. ATG is licensed to and doing business in the State of Louisiana.

2.

Named as Defendants are:

    A. Alexis Group Logistics Co., a Louisiana corporation authorized to do and doing business in the State of Louisiana.

    B. Donnell Tuniors, the plaintiff in the underlying state court suit (referenced

below) and an interested party who has claims that may be affected by the declarations sought herein. He is a resident of the State of Louisiana.

C. Kleinpeter Farms Dairy, LLC, a Louisiana corporation authorized to do and doing business in the State of Louisiana and an interested party who has claims that may be affected by the declarations sought herein.

D. Zurich American Insurance Company, which upon information and belief, is a New York insurance company with its principal place of business in the State of Illinois but authorized to do and doing business in the State of Louisiana and an interested party who has claims that may be affected by the declarations sought herein.

3.

This Court is empowered to issue binding judgments that define the legal relationship and rights of parties in a dispute by The Federal Declaratory Judgment Act, 28 U.S.C. § 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.

This Court has jurisdiction over this matter pursuant to Act 28 U.S.C. § 1332, as it is a suit between citizens of different States, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Further, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the determination of whether or not interstate commerce is involved is a federal question arising out of The Commerce Clause and the MCS-90 endorsement requirements pursuant to 49 C.F.R. §§ 387.3, 387.7

5.

Donell Tuniors filed a Petition for Damages in the 19th Judicial District Court for the Parish

of East Baton Rouge, State of Louisiana, Civil Action No. 707051, alleging that on June 18, 2020, he was operating a 2019 Freightliner south on U.S. Highway 61 (Airline Highway) in Baton Rouge, Louisiana, while Jerald Dwayne Stewart was driving a 2017 Budget rental truck, exiting a private driveway just north of Barringer Foramen Road onto Highway 61 turning left. Exhibit 1, *Tuniors* Petition, First Am. Pet., Second Am. Pet., Third Am. Pet, and Fourth Am. Pet., *in globo*. Tuniors alleged that Stewart entered Highway 61, and plaintiff struck the rear of the vehicle driven by Stewart.

6.

The *Tuniors* Petition named as defendants Jerald Stewart, Budget Truck Rental, LLC, and ATG. According to the *Tuniors* Petition, ATG bears liability because it had issued a policy in favor of Budget Truck Rental, LLC, that was in effect at the time of the accident. This is false.

7.

Tuniors filed a First Amended Petition, by which Tuniors sued J.W. Logistics LLC, and alleged that ATG had issued a policy in favor of J.W. Logistics LLC. This is false.

8.

Tuniors filed a Second Amended Petition, by which Tuniors sued Alexis Group Logistics, Co., (the ATG insured) and Harford Fire Insurance as the insurer of JW Logistics, LLC.

9.

Tuniors filed a Third Amended Petition, by which Tuniors sued Amazon Logistics, Inc. and RFJ Logistics, LLC.

10.

Tuniors filed a Fourth Amended Petition, by which Tuniors added allegations that all defendants were operating under Louisiana law as a single business enterprise.

11.

Zurich America Insurance Company, the insurer of the truck that was driven by Tuniors in the underlying incident, filed suit against ATG to recover its alleged property damage losses, in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Civil Action No. 708796. Exhibit 2, *Zurich* Petition and First Am. Pet., *in globo*. The *Zurich* Petition names as defendants ATG, Budget Truck Rental, LLC, Jerald Stewart, Alexis Group Logistics Co., and J.W. Logistics LLC. These claims were consolidated with the Tuniors claims but have since been dismissed.

12.

Kleinpeter Farms Dairy, LLC, and Zurich American Insurance Company filed an intervention against ATG, Budget Truck Rental, LLC, and Jerald Wayne Stewart, asserting that the intervenors were legally subrograted to the rights of Tuniors to the extent of the monies they paid to and on behalf of Tuniors for workers' compensation benefits, medical expenses, and/or other benefits pursuant to the Louisiana Worker's Compensation Act.

13.

ATG issued insurance policy number ATG-LA-0003881-19 to policyholder Alexis Group Logistics Co., with an effective date of October 1, 2019 to October 1, 2020. The terms and provisions of the Policy are incorporated herein by reference. The policy is attached as Exhibit "A."

14.

Jerald Stewart did not work for ATG's insured, Alexis Group Logistics Co., at the time of the incident, and was neither an insured nor a scheduled driver under the ATG Policy.

15.

The ATG policy does not provide any form of coverage if the alleged tortfeasor was not a scheduled driver.

16.

The Budget truck that Stewart was driving at the time of the accident was not owned or insured by Alexis Group Logistics Co. and was not a covered auto or scheduled vehicle as defined by the ATG Policy.

17.

The Budget truck involved in the subject collision was not rented as a substitute for a covered auto under the ATG Policy. The truck was rented by Thomas and used by Thomas in furtherance of his business because Thomas's truck was being repaired.

18.

The ATG policy, furthermore, did not provide coverage because autos that the insured leased, hired, rented, or borrowed still had to be scheduled for ATG to provide coverage, because it was a scheduled auto policy. Because the Budget truck was not a scheduled auto, it was not covered by the policy. The ATG Policy clearly and unequivocally provides that any liability arising from the operation of non-scheduled vehicles is the insured's responsibility.

19.

Because Mr. Stewart was not a listed driver, and the Budget truck involved in the accident was not a scheduled auto, the ATG Policy does not provide coverage.

20.

Under Sections 29 and 30 of the Motor Carrier Act of 1980, Form MCS–90 Endorsement must be made part of insurance policies issued to motor carriers. The purpose of the MCS–90 Endorsement is to assure compliance with federal minimum levels of financial responsibility for

motor carriers. 49 C.F.R. § 387.1. The MCS–90 Endorsement must be attached to any liability policy issued to for-hire motor carriers operating motor vehicles transporting property **in interstate commerce**. 49 C.F.R. §§ 387.3, 387.7. (emphasis added). The MCS-90 Endorsement does not otherwise impose coverage where none exists, and any obligation created by the MCS-90 arises only after a judgment is rendered.

21.

However, the Form MCS-90 Endorsement does not apply to the underlying incident, because the Budget truck was not excluded by the ATG Policy, but rather it was simply a non-covered vehicle.

22.

Furthermore, the Form MCS-90 Endorsement does not apply to the underlying incident, because the Budget truck was not "presently engaged in transportation of property in interstate commerce" at the time of the accident, as Stewart was simply making a local delivery to the post office when the incident occurred. 49 C.F.R. §§ 387.3, 387.7

23.

The applicability of the MCS-90 Endorsement is within this Court's federal question jurisdiction as the endorsement requirement arises out of federal law and the ultimate addresses interstate commerce.

24.

Though ATG has undertaken the defense of Alexis Group Logistics, under a reservation of rights, arising out of the above-mentioned accident, ATG has taken the position and has advised defendant that no coverage for the accident is provided by the above-mentioned policy.

25.

The state court previously denied a motion for summary judgment filed by ATG asserting a lack of coverage. The basis of the denial was the finding of genuine issues of material fact. Tuniors opposed the motion based upon the relationship and extent of control exercised between Alexis and Topshelf and Stewart at the time of the accident. He further opposed the motion based upon his assertion that the MCS-90 would provide "coverage" in this matter even if there was not coverage under the policy. The state court's ruling and finding of genuine issues of material fact is interlocutory and is not dispositive of this complaint or this Court's inherent power to rendered declaratory relief.

26.

It is shown that any contractual relationship between Alexis and Topshelf, the amount of control that Alexis may or may not have asserted over Stewart, and any alleged vicarious liability of Alexis is entirely irrelevant to the determination of whether or not the insurance contract issued by ATG provides coverage to Alexis, when neither the driver or truck were scheduled under the policy.

27.

An actual justiciable controversy exists concerning the rights, duties, and obligations of the parties arising out of the terms and conditions of the above-mentioned policy and the applicability of the MCS-90 endorsement.

28.

ATG is entitled to a declaratory judgment, finding that insurance coverage for the above-described incident is not afforded by the ATG Policy, for the claims made against ATG by Donell Tuniors, Zurich American Insurance Co., or Kleinpeter Farms Dairy, LLC, and that the MCS-90 is not applicable in this matter.

29.

Alternatively, and only if this Court declines to render a declaratory judgment regarding a lack of coverage, ATG is entitled to a declaratory judgment, finding that the MCS-90 is not applicable in this matter regardless of the state court's ultimate determination regarding coverage under the ATG policy.

**WHEREFORE**, plaintiff respectfully requests that:

1. The Court enter judgment declaring that the ATG Policy described in this Complaint does not provide coverage for the claims made against defendant by Donell Tuniors, Zurich American Insurance Co., or Kleinpeter Farms Dairy, LLC, in the underlying lawsuits against defendant, and that the MCS-90 is not applicable to the claims asserted in the state court;

2. Plaintiff be awarded costs of suit; and

3. Plaintiff be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

**THOMAS, SOILEAU, JACKSON & COLE, L.L.P.**

*J. Kris Jackson*
_____
Steven E. Soileau, La. Bar No. 17150
J. Kris Jackson, La. Bar No. 29266
330 Marshall Street, Suite 1200
Shreveport, LA 71101
Telephone: (318) 216-5058
Facsimile: (318) 216-5087
steve@tscjlaw.com
kris@tsjclaw.com

***Counsel for*** *American Transportation Group Insurance Risk Retention Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on October 22, 2025.

*J. Kris Jackson*
_____
**THOMAS, SOILEAU, JACKSON & COLE, LLP**